IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

OPINION AND ORDER

                Plaintiff,

09-cv-666-bbc
04-cr-165-jcs

      v.

ADRIAN J. BELL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Adrian J. Bell has filed a timely motion for post conviction relief, contending that he was denied the effective assistance of counsel at his trial. His motion raises a number of issues, including counsel's alleged failure to challenge the admissibility of statements and evidence and to object to the makeup of the jury pool. Two of the issues arise out of the Supreme Court's decision in Begay v. United States, 128 S. Ct. 1581 (2008), clarifying the nature of crimes that qualify as "violent felonies" under the Armed Career Criminal Act provisions of 18 U.S.C. § 924(e)(2)(B). I conclude that defendant's motion must be denied as to all of his claims except his challenge to the use of his conviction for second degree sexual assault of a child as a qualifying offense for his armed career criminal

1

status.  He is correct when he argues that such a conviction is not a predicate offense under § 924(e).  Without it, defendant has only two qualifying prior convictions, one short of the number needed under § 924.  Therefore, he is entitled to resentencing without the armed career criminal enhancement.

## BACKGROUND

On October 13, 2004, the grand jury returned an indictment charging defendant with the illegal possession of a Glock 17 9mm pistol and a Marlin .22 caliber rifle after having been convicted previously of a felony.  The incident leading to the indictment took place in the early morning hours of October 2, 2004, when the Madison police received a call reporting the sound of shots fired in the vicinity of 2222 Allied Drive.  Officer Ryan Gibson responded to the call,  As he walked up the driveway between 2222 and 2230 Allied Drive, he picked up four shell casings, later identified as having been fired from a Glock pistol found in defendant's apartment at 2230 Allied Drive.  Meanwhile, other officers obtained a search warrant for Apartment 5, which they executed the same morning.  In the course of executing the warrant, the police removed three people from the apartment, including defendant.  During the ensuing search, they collected evidence in the form of a Glock pistol and pellet gun wrapped in a white t-shirt under a loveseat and a sawed-off Marlin rifle lying on top of a pair of blue jeans in a bedroom closet.

Defendant was taken to the West district police station, where Detective Ann Turner read him a copy of the search warrant and advised him of his rights.  In the report she filed subsequently, she said that she read defendant his rights and that his first comment was, "I should probably talk to my attorney."  After she told him it was his choice, he said, "I'll talk to a point until I decide to stop."  (Defendant disputes the statements in the report.  He says that he stated "unequivocally": "'I should  probably talk to my attorney" and should not have been questioned further.)

Defendant told Detective Turner that he had been involved in an argument with someone named Mario in his driveway.  Turner asked defendant whether he had any guns in his apartment.  He told her he had a pellet gun and a sawed-off BB rifle and that the rifle was in a closet in his bedroom.  When Turner told him that a Glock had been recovered in the apartment, defendant told her that it was his brother's gun.

Between his arrest on October 2, 2004 and his trial on February 28, 2005, defendant was represented by four different lawyers.  The court appointed new counsel for him two times after he developed irreconcilable conflicts with each of the first two.  On the second occasion, February 2, 2005, the court appointed Federal Defender Dean Strang to represent defendant and continued the trial date.  Strang was assisted at trial by Assistant Federal Defender Michael Lieberman.

Defendant was found guilty at trial.  On May 9, 2005, Judge Shabaz sentenced him

3

to a term of 285 months after finding that his offense level was 34 and his criminal history category was VI because of his status as an armed career criminal under § 924(e). (Without this enhancement, the criminal history category would have been V.) Before sentencing, defendant objected to the use of his previous convictions for a controlled substance offense and second degree sexual assault of a child to establish his status as an armed career criminal under § 924(e)(2)(B)(i) and (ii). He argued that the controlled substance offense did not have a maximum penalty of ten years, as required under the statute, and that the sexual assault charge did not qualify as a violent felony because it did not have as an element the use, attempted use or threatened use of physical force against the person or any element of non-consent. The probation officer agreed with defendant that the controlled substance offense was not a predicate offense, but maintained its position that second degree sexual assault of a child was a violent felony. Judge Shabaz adopted the probation office's recommendations. Defendant did not object to the use of his prior convictions for armed burglary and child abuse - intentional harm.

In denying defendant's challenge to the use of the second degree sexual assault conviction, Judge Shabaz relied on <u>United States v. Shannon</u>, 110 F.3d 382 (7th Cir. 1997). In that case, the court of appeals had found from the charging documents and judgment of conviction that sexual intercourse with a 13-year-old child is a crime of violence because it presents a serious risk of physical injury.

4

Defendant appealed his sentence, arguing among other things that the court erred in relying on Shannon to find that his second degree sexual assault of a child conviction was a predicate offense under § 924(e)(2).  The court of appeals denied that claim, reaffirming its decision in Shannon, and it rejected all but one of defendant's other claims.   It sent the case back to the district court to provide defendant an opportunity for a competency determination that had been denied him when he sought one at the time of sentencing.  He was examined first by Dr. Christina Pietz, who concluded that he was malingering and that he was competent to be resentenced.  After defendant asked for an independent evaluation, he was seen by Dr. Kent Berney, who reached the same conclusion that defendant was malingering but who said that the malingering prevented him from forming an opinion about defendant's competency.

A competency hearing was held on August 13, 2007 before United States Magistrate Judge Stephen L. Crocker, who found defendant competent to be resentenced.  Resentencing took place on September 12, 2007.  Once again, Judge Shabaz imposed a sentence of 285 months.

Defendant appealed again, arguing that the judge had erred in finding him competent to be resentenced and that his sentence was unreasonable.  The court of appeals disagreed with both arguments and affirmed his sentence.  Defendant filed a petition for a writ of certiorari, which was denied on November 3, 2008.  He filed this motion on November 2,

5

2009.

## OPINION

Defendant has raised five claims in his § 2255 motion, all going to the alleged ineffectiveness of counsel, both trial and appellate.  (1) Counsel failed to challenge the use of defendant's armed burglary conviction as a qualifying offense for armed career criminal status; (2) counsel failed to challenge the use of defendant's second degree sexual assault of a child conviction as another qualifying offense for armed career criminal status; (3) counsel failed to suppress evidence of statements defendant made to law enforcement after he had invoked his Fifth Amendment right to counsel; (4) counsel failed to object to the composition of the jury pool and panel; and (5) counsel failed to move to suppress evidence seized by law enforcement officers.  As I noted at the outset, only the second of these claims has any merit.

1. Trial counsel's failure to challenge use of armed burglary conviction as predicate offense

It is not always clear which lawyer defendant is contending was ineffective in connection with each claim.  For example, in this claim, defendant says that "counsel" was ineffective for failing to challenge the use of defendant's burglary conviction as a qualifying offense for armed career criminal status.  Dft.'s M., dkt. #1, at 4.  One might assume that

6

he is referring to the lawyers who represented him at his trial and at his first sentencing, because they did not object to the use of this conviction as a predicate offense. However, his objections to the government's response, dkt. #9, indicate that his argument is with his appellate counsel for not challenging the burglary conviction as a predicate offense.

Because trial counsel never objected to the use of the burglary offense for sentence enhancement purposes, the only form in which appellate counsel could have argued the issue on appeal was to allege the ineffectiveness of trial counsel in not raising the issue. Arguing ineffectiveness on direct appeal is almost always a bad decision because of the constraints on the review of counsel's work. Appellate counsel cannot delve into trial counsel's reasons for not raising the issue, but must confine the challenge to the evidence of record.

If the only issue is appellate counsel's ineffectiveness, defendant loses on this claim. No competent appellate counsel would have raised on appeal the issue of trial counsel's alleged error or omission in not challenging the use of the burglary conviction. Rather, counsel would have reserved the issue for a post conviction motion. Massaro v. United States, 538 U.S. 500, 504 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"; trial record is rarely developed for object of litigating claim of ineffectiveness and is often incomplete or inadequate for purpose.).

Defendant would have lost in any event, because there is no merit to the underlying

7

argument that his armed burglary conviction could not be a predicate offense under §
924(e), even though he was only 16 when he was convicted.  .

Defendant says that the crime did not involve the burglary of a residence but a night
time burglary of a K-Mart store; it was error for the court to consider a conviction of a
juvenile as a violent felony; and defendant was not an active participant in the burglary but
merely sat in the car and served as a lookout.  None of these objections undermines Judge
Shabaz's use of the armed burglary conviction for enhancement purposes.

First, the distinction between the burglary of a commercial building and a residence
is not relevant in determining armed career criminal status, although it matters when
determining whether a convicted defendant is a career offender under the guidelines.  United
States v. Thornton, 463 F.3d 693, 700 (7th 2006) ("the definition of "crime of violence"
in [USSG] § 4b1.2 is specifically limited to 'burglary of a dwelling.'  The definition of
'violent felony' for purposes of the [Armed Career Criminal Act] is not so limited, and
includes burglaries of buildings or structures"); see also U.S. Sentencing Guidelines Manual
§ 4B1.1, Application Note 1 (2004) (definition of violent felony in 18 U.S.C. § 924(e)(2)
is not identical to definition of crime of violence used in § 4B1.1).

Second, defendant might have a strong argument for not considering this crime a
violent felony if it were based on a juvenile conviction.  In Welch v. United States, No. 08-
3108 (7th Cir. May 4, 2010), Judge Posner dissented from a holding that a juvenile

8

conviction could count as a violent felony, arguing persuasively that the lack of procedural protections in juvenile court make it improper to use a juvenile conviction to enhance a subsequent sentence.  The record shows, however, that defendant was not tried in juvenile court for the armed burglary charge; instead, he was "waived" into adult court, where he received the protections that might have been missing in a juvenile proceeding.

Third, defendant's allegation that he did not enter the building does not relieve him of responsibility for the armed burglary.  His role as lookout made him an active participant in the crime.

For all these reasons, I conclude that however this challenge was framed and whenever it might have been raised, it would not have succeeded.

## 2. Appellate counsel's failure to challenge conviction for sexual assault of a child as predicate offense

Defendant has a far stronger argument when he contends that it was error for the sentencing court to rely on his second degree sexual assault conviction in finding him an armed career criminal.  The Court of Appeals for the Seventh Circuit held in United States v. McDonald, 592 F.3d 808 (7th Cir. 2010), that because the crime of second degree sexual assault of a child is not one that categorically involves purposeful, violent and aggressive conduct, it does not meet the prerequisites of a "violent felony" for armed career criminal

9

status identified in <u>Begay v. United States</u>, 128 U.S. 1581, 1584-86  (2008).  If defendant were being sentenced today, it would be error to sentence him as an armed career criminal under current Seventh Circuit law.  The only question is whether he has preserved his right to raise this challenge or whether he has lost it through a procedural default.

The government takes the position that defendant did not preserve the issue because he failed to raise it before the court of appeals on his second appeal, although <u>Begay</u> was decided while defendant's second appeal was pending. (It also argues that <u>McDonald</u> was decided incorrectly, but this is not an issue I can resolve.  Only the court of appeals can rescind the opinion.)  I am persuaded that the government's position is wrong, for several reasons.

First, defendant challenged the use of his sexual assault conviction in his original appeal.  The court of appeals denied the challenge on the ground that it had decided in <u>United States v. Shannon</u>, 110 F.3d 382 (7th Cir. 1997), that the sexual assault of a 13-year-old girl qualified as a crime of violence under the Sentencing Guidelines because it presents a serious risk of injury.  This decision became the law of the case.  I am not aware of any requirement that in order to preserve his right to challenge an aspect of his sentence or conviction, a defendant must renew a previous challenge to his sentence simply because his case has been remanded in the interim, so long as he is resentenced to the same allegedly illegal sentence.

10

Second, if the government is arguing that defendant had an obligation to renew his challenge once <u>Begay</u> was decided, I find that a questionable position.  Not only was defendant's case fully briefed and ready for decision, but the vast majority of counsel would not have thought that <u>Begay</u> would have supported such a challenge.  After all, <u>Shannon</u> was still the law in the circuit and in defendant's case.  It is unlikely that the court of appeals would support a policy of requiring defendants whose cases have been remanded for resentencing on some grounds to appeal all of the issues decided against them in their first appeal or risk losing the right to raise them in post conviction motions.

Third, all of this discussion may be irrelevant.  The Supreme Court has held that "habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice." <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994)) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)); <u>see also</u> <u>Galbraith v. United States</u>, 313 F.3d 1001, 1006 (7th Cir. 2002).

Defendant is arguing, with support from the Seventh Circuit, that his sentence was enhanced illegally.  If he is right, his punishment was imposed for an act that the law does not make criminal.  He is not alleging simply that as a result of this error, his guideline sentence was too high; he is alleging that his classification as an armed career made his sentence more than twice the statutory maximum for the underlying crime.  (The maximum penalty for possession of a firearm as a convicted felon under § 922(g) is 10 years;

11

application of § 924(e)(1) subjects a defendant to a mandatory 15-year sentence running consecutively to the sentence imposed for violation of § 922(g).)  Imposing such a sentence on someone who is not guilty of being an armed career criminal would be a complete miscarriage of justice.  <u>Davis v. United States</u>, 417 U.S. 333 (1974) ("There can be no room for doubt that [conviction and punishment for an act that the law does not make criminal] 'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under § 2255").

Even when prisoners have lost their right to file a motion under § 2255, the Court of Appeals for the Seventh Circuit has recognized that they may seek relief  if they can show that they are in custody for an act that is no longer criminal.  <u>E.g.</u>, <u>United States v. Davenport</u>, 147 F.3d 605 (7th Cir. 1998) (allowing federal prisoner to file motion under 28 U.S.C. § 2241 when he was challenging sentence imposed for conduct that had been found to be non-criminal and § 2255 remedy was no longer available to him).

I conclude that defendant must be resentenced because he is no longer an armed career criminal under § 924(e), now that the court of appeals has held in <u>McDonald</u>, that one of the three predicate crimes supporting the armed career criminal status has been held to be a non-qualifying offense.

3. <u>Appellate counsel's failure to move to suppress evidence of statements</u>

12

Although defendant was represented by four lawyers at the first round of proceedings in district court, none of them filed a motion to suppress evidence of his statements to Detective Turner at the time of his arrest on October 2, 2004. Defendant has not produced any evidence to suggest that all of these lawyers overlooked a winning motion. He has said very little about the circumstances under which he talked to Turner, other than to say in somewhat contradictory fashion that he said "unequivocally" that he should "probably" speak to his attorney. He does not deny Turner's statement in her report that he would "talk to a point, until [he] decide[d] to stop," as she wrote in her report. Attachment to Plt.'s Br., Dkt. #3-4. He does not say that Turner did not give him adequate advice about his rights. He cites <u>Florida v. Powell</u>, 130 S. Ct. 1195 (2010), but he does not say that Turner did not tell him that he had a right to have an attorney present during his interview, as she is required to do under <u>Powell</u>.

Without any showing that he had the grounds for a viable suppression motion, defendant has no basis for asserting that his trial counsel provided him ineffective assistance when none of them filed a motion to that effect.

4. <u>Unconstitutionality of the jury pool</u>

Defendant contends that appellate counsel was ineffective for not challenging the composition of the jury pool as violating the Sixth Amendment. This claim fails because

13

defendant has not produced any evidence to support his contention that the manner in which the jury pool is administered violates any aspect of federal law. He says only that a "zealous advocate" "just may have been able to uncover the evidence necessary to argue an issue of this magnitude to the Court." Dft.'s Objs. to Govt.'s Response, dkt. #9, at 11. Neither a possibility that an investigation would uncover a problem nor the absence of any African American on defendant's panel is enough to show that "counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," when he failed to raise this issue on appeal. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel could not raise a viable appeal without the documentation to support defendant's claim. Defendant has not come up with that documentation or identified a defect in the court's jury selection process.

5. Trial counsel's ineffectiveness in failing to move to invalidate search and seizure

When defendant filed his motion for post conviction relief, he argued in an attachment to the main document, dkt. #1 at 14, that it was error for counsel not to move to suppress evidence. As the government has noted, defendant has not provided any evidence in support of this claim other than his own conclusory statements that the search of his apartment was improper. It is not enough for him to suggest that the transcripts of the preliminary and final pretrial conferences show that defendant's second attorney failed

14

to file such a motion and that defendant's third attorney expressed the opinion that such a motion might have required an evidentiary hearing had it been filed.  Defendant must produce evidence to support his claim that he was prejudiced by his counsel's failure to file such a motion.  He has not done this, although it is his burden to do so.   I conclude that this claim cannot succeed without any supporting evidence.


ORDER

IT IS ORDERED that defendant Adrian J. Bell's motion for post conviction relief under 28 U.S.C. § 2255 is GRANTED on his claim that he is not an Armed Career Criminal under 18 U.S.C. § 924(e) and should not have been sentenced as one because he does not have prior convictions for three crimes of violence as required under the statute.  Defendant is eligible for resentencing.  I will ask the Federal Defender to appoint counsel to represent defendant for that purpose.

FURTHER, IT IS ORDERED that defendant's remaining claims in support of his

15

motion are DENIED.

    Entered this 20th day of May, 2010.

                                    BY THE COURT:

                                    /s/

                                    BARBARA B. CRABB
                                    District Judge

16